# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON    MAY 1999 SESSION

**FILED**

**June 14, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| BECKY CHENAULT, | ) | SHELBY CIRCUIT |
| | ) | (No. 60191-9 T.D.) |
| Plaintiff/Appellee | ) | |
| | ) | |
| v. | ) | APPEAL NO. 02A01-9710-CV-00255 |
| | ) | |
| WILLIAM T. CARSLEY et ux | ) | |
| MARTHA CARSLEY, and | ) | |
| JAMES V. BALL, | ) | |
| | ) | |
| Defendants/Appellants | ) | |

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE WILLIAM B. ACREE, JR. SPECIAL JUDGE

**For the Appellant:**
S. Ronald Lucchesi
James V. Ball
202 Adams Avenue
Memphis, TN 38103

**For the Appellee:**
Russell C. Winston
Adam O. Knight
707 Adams Avenue
Memphis, TN 38105

**AFFIRMED**                    **WILLIAM H. INMAN, Senior Judge**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**ALAN E. HIGHERS, JUDGE**

## M E M O R A N D U M   O P I N I O N

The Carsleys executed and delivered a promissory note on August 18, 1992, to the plaintiff in the amount of $12,228.00, payable in monthly installments of $509.50, the payment of which was allegedly secured by a "lien on pending court litigations," as evidenced by this language:

> "I have (full coverage insurance) on the above specified property which will remain in force for the duration of this note, or until pending court litigations are settled, at which time payment of this note will be paid in full less unused interest."

The Carsleys were represented by the defendant, attorney Ball, in an action for damages for personal injuries sustained in an accident on January 8, 1992.

By letter dated March 5, 1993, directed to the attorney for the plaintiff, the defendant Ball acknowledged notice of the loan agreement between the plaintiff and his clients and agreed "to honor it as a lien on any proceeds received by Mrs. Carsley regarding the matter we are handling for her."

On June 30, 1993, the plaintiff filed suit in the General Sessions Court against the Carsleys to recover the amount owing on the promissory note. The personal injury suit of the Carsleys had not been settled or tried, and the plaintiff had become fearful of its value.

One month later, attorney Ball settled the personal injury case. The proceeds were paid to Carsley less fees and medical liens. The asserted lien of the plaintiff was not taken into account; he did not "honor the lien."

On March 3, 1994, the plaintiff was awarded a judgment for the amount owing on the promissory note, which was appealed to the Circuit Court. Nearly two years later, attorney Ball was added as a defendant for his failure to honor the lien of the plaintiff on the settlement proceeds.

2

On June 17, 1997, a consent judgment was taken against the Carsleys. Following trial, a judgment was entered against the defendant Ball for $8,356.00 plus accrued interest on account of his failure to honor the aforesaid lien. He appeals, and presents for review a number of issues involving the sufficiency of the evidence, whether he had contracted as alleged and whether the plaintiff should have repossessed a truck which was allegedly pledged as collateral for the loan.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

The defendant argues that the consideration for the assignment [i.e., the lien] granted by the Carsleys was forbearance by the plaintiff in filing a lawsuit. A short answer to this argument is that the documentation does not support it. He further argues that when he settled the Carsley's lawsuit, they directed him not to pay the plaintiff because she had sued them. Aside from the fact that the Carsleys denied this, the asserted lien could not have been dishonored in such fashion.

From all of which it appears that this is a proper case for affirmance pursuant to Rule 10, Rules of the Court of Appeals.[1]

The judgment is affirmed at the costs of the appellant and the case is remanded for all appropriate purposes.

_____
William H. Inman, Senior Judge

---

[1]**Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]

CONCUR:

_____
David R. Farmer, Judge


_____
Alan E. Highers, Judge